STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 113-8-14 Vtec |
|---|---|
| Hinesburg Hannaford Act 250 Permit | DECISION ON MOTIONS |

**Decision on Motion for Party Status and Motion to Intervene**

Martin's Foods of South Burlington, LLC (Applicant) seeks an Act 250 permit, among other state and local approvals, to construct a Hannaford grocery store and pharmacy in the Commerce Park subdivision in Hinesburg, Vermont. After multiple public hearings and site visits, the District # 4 Environmental Commission (the Commission) issued its final amended Findings of Fact, Conclusions of Law, and Order on July, 23, 2014 (the Decision). The Commission denied the application for failure to comply with Act 250 Criterion 2, but made positive findings under all other Act 250 Criteria.

A group of interested citizens participated in the hearings before the Commission and oppose the application. That group consists of Brian Bock, Mary Beth Bowman, Ken Brown, Heather Depres Burack, Jedidiah Burack, Dark Star Properties LLC, Aimee Frost, Gordon Glover, Suzanne Glover, Catherine Goldsmith, James Goldsmith, Jean Kiedaisch, John Kiedaisch, Lindsay Hay, Natacha Liuzzi, Rolf Kielman, Rachel Kring, Bethany Ladimer, Jerrilyn Miller, Allan Nyhan, Wendelin Patterson, Julie Pierson, Stewart Pierson, Chuck Reiss, Sally Reiss, Heather Rice, Michael Sorce, Daniel Silverman, Heidi Simkins, Stephanie Spencer, Richard Watts, Gail Webb, Dennis Wilmott, and Marian Willmott (Appellants). Appellants timely appealed the Decision to this Court. Applicant has cross-appealed the Decision, raising two issues not relevant to the pending motions.

Appellants are represented in this appeal by attorney James A. Dumont. Applicant is represented by attorney Christopher D. Roy. Also as parties to this appeal are the Vermont Natural Resources Board (NRB) through attorney Peter Gill, the Vermont Agency of Natural

Resources (ANR) through attorneys Elizabeth Lord and Leslie A. Welts, and the Vermont Agency of Transportation (VTrans) through attorney William H. Rice.[1]

While many of the Appellants were granted preliminary and final party status under a number of Act 250 Criteria, some were denied status as to certain Criteria. Appellants Brian Bock, Ken Brown, and Lindsay Hay all seek to appeal the denial of their party status as to certain Criteria and have moved, pursuant to Vermont Rule for Environmental Court Proceedings (V.R.E.C.P.) 5(d)(2), for party status in this appeal. Mr. Bock seeks party status under Criteria 1, 1(B), 1(E), and 4; Mr. Brown and Ms. Hay each seek party status under Criteria 1, 1(B), and 4. Additionally, Denise Guttler, who did not participate before the Commission, has moved to intervene as an interested person and seeks party status under Criteria 1(B), 1(E), and 4. Applicant opposes both motions.

**Factual Background**

For the sole purpose of putting the pending motion into context the Court recites the following facts:

1.     On March 26, 2013, Martin Foods of South Burlington, LLC[2] applied for an Act 250 Permit for construction of a new 36,000 square foot supermarket and pharmacy store, a new driveway, parking lot, and sidewalks, and new municipal water and sewer connections on Lot # 15 of the Commerce Park subdivision in the town of Hinesburg, Vermont (the Project).

2.     Patrick Brook runs through the area of the Project before draining into the La Platte River approximately ½ mile downstream from the Project site.

3.     There are wetlands in the Project area adjacent to Patrick Brook.

4.     Stormwater management for prior development within the Commerce Park subdivision included a stormwater detention area. This includes a culvert and a detention swale or pond located in or adjacent to the wetlands and adjacent to Patrick Brook.

---

[1] Pursuant to 10 V.S.A. § 8504(l), if more than one State agency, other than the NRB, appears in an appeal, only the Attorney General may represent the interests of those agencies of the State in the appeal. We will require ANR and VTrans to comply with this requirement or explain how this provision is inapplicable.

[2] Additionally listed as co-applicants are Bernard A. Giroux Trust, June T. Giroux Trust, Victor T. Giroux Trust, and Ramona Giroux Trust. These entities are the current landowners of the lot but have conveyed an option to purchase the land in fee to Applicant Martin Foods of South Burlington, LLC.

2

5. Brian Bock regularly paddles his kayak on the La Platte River, including the area where Patrick Brook drains into the La Platte River.

6. Mr. Bock enjoys the wildlife that lives in and on the river and the beauty of the river and its surroundings. He kayaks on the La Platte River due, in part, to its natural condition.

7. There is a paved and landscaped sidewalk along the southern boundary of the Project site, adjacent to the parking area and building, called the "Canal Walk." The Canal Walk is part of a town-wide pedestrian walkway system and is lined with benches.

8. Lindsay Hay lives at 44 Mulberry Street in Hinesburg, approximately 1,000 feet from the proposed development. Ms. Hay regularly uses the Canal Walk to walk her children to school and to access locations in downtown Hinesburg.

9. Ken Brown lives at 87 Coyote Ridge Road in Hinesburg. Mr. Brown is also a regular user of the Canal Walk and walks along the portion near the Project site for exercise and as a social activity.

10. Denise Guttler lives and works on her family's farm at 566 Leavensworth Road in Hinesburg. Although the farm is owned by a family-owned business entity, Ms. Guttler owns the portion of the farm where her residence is located.

11. Ms. Guttler raises beef cattle and poultry on the farm. She also harvests and sells hay.

12. Ms. Guttler's property is approximately one mile downstream from where Patrick Brook drains into the La Platte River and 1 ½ miles downstream from the Project. The La Platte River flows through her farm for approximately one mile.

13. Ms. Guttler and her children enjoy observing wildlife that live in and around the La Platte River. Her children play in the River.

14. Ms. Guttler represents that her farm lands in the area of the La Platte River flood two or three times per year.

15. Currently, any stormwater runoff from the existing and undeveloped site drains to the north. The runoff flows along a drainage ditch and then through a culvert under Commerce Street before collecting in a detention basin that drains into Patrick Brook.

16. The Project includes the addition of a 36,000 square foot building and 132 space parking lot to what is currently an undeveloped lot. This will create 2.88 acres of impervious surface.

17. The Project design includes a stormwater management system to accommodate stormwater runoff from the additional 2.88 acres of impervious surface. This system pretreats stormwater and stores it in underground storage chambers located beneath the parking lot. A number of these storage chambers are located beneath the southern side of the parking lot, adjacent to the Canal Walk, although one is located on the northern side of the parking lot.

18. The underground chambers are unsealed and therefore air can circulate from the underground storage chambers to the surrounding environment.

19. The storage chambers have the capacity to accommodate stormwater generated by a 1- to 10-year storm event. Additional runoff that cannot be stored in the underground chambers will be diverted down Commerce Street via a network of catch basins, through a replaced and larger culvert, and then into an existing stormwater detention area before ultimately discharging into Patrick Brook.

20. Stagnant water can create habitat for mosquitos and for pathogens to proliferate. Appellants Bock, Hay, and Brown, and intervenor Guttler allege that the stormwater detention chambers could create stagnant water that could lead to additional mosquitos and pathogens.

### Analysis

To be afforded party status, an appellant must have a "particularized interest protected by [Act 250] that may be affected by an act or decision by a district commission" or this Court on appeal. 10 V.S.A. § 6085(c)(1)(E). An interest is particularized if it is specific to the appellant rather than a general policy concern shared with the public. In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. July 2, 2010) (Durkin, J.). An interest may still be particularized, however, even if it is shared with multiple members of the general public so long as it is specific to the party and not merely an interest in "the common rights of all persons." Re: McLean Enters. Corp., No. 2S1147-1-EB, Mem. of Decision at 7 (Vt. Envtl. Bd.

4

Sept. 19, 2003). As party status determinations are made under specific Act 250 Criteria, the interest asserted must be therefore be protected by the Act 250 Criterion for which the person seeks status. To demonstrate that this particularized interest may be affected by an act or decision by a district commission, an appellant must allege some causal relation between the proposed development and her interest. In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 9–10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.). A relationship is causal if there is a reasonable possibility that the commission's decision may affect the particularized interest. Id.

Appellants Bock, Brown, and Hay have filed a motion for party status pursuant to V.R.E.C.P. 5(d)(2). An appellant seeking to appeal the district commission's denial of party status and claim party status before this Court "must assert that claim by motion filed not later than the deadline for filing a statement of questions on appeal." V.R.E.C.P. 5(d)(2); see 10 V.S.A. § 8504(d)(2)(B) (allowing a person aggrieved to appeal the denial of party status to the Environmental Division).

Ms. Guttler has filed a motion to intervene pursuant to 10 V.S.A. § 8504(n)(5). Any "person aggrieved" may intervene in an appeal to this Court. For this matter, a "person aggrieved" is defined as "a person who alleges an injury to a particularized interest protected by [Act 250], attributable to an act or decision by a . . . district commission . . . that can be redressed by the Environmental Division or the Supreme Court." 10 V.S.A. § 8502(7). Thus, to intervene and have party status Ms. Guttler must establish an injury to a particularized interest.

### A.      Mr. Bock's motion for party status under Criteria 1, 1(B), 1(E), and 4

Mr. Bock enjoys kayaking the La Platte River, including the area where Patrick Brook drains into that river. Although it is not clear with what frequency Mr. Bock uses this area, it is well established that use of a natural resource for recreation and aesthetic purposes can constitute a particularized interest in that resource. E.g., In re Bennington Wal Mart, No 158-10-11 Vtec, slip op. at 11. We therefore accept that Mr. Bock has a particularized interest in the integrity of the area, for paddling, observing wildlife, and enjoying the natural beauty of the river. That interest is protected by Act 250 Criteria 1, 1(B), 1(E), and 4, which relate to impacts on water quality generally, impacts from waste disposal, impacts on streams, and impacts due

5

to soil erosion and the diminished capacity of the land to hold water. The question of whether Mr. Bock is entitled to party status thus turns on whether he has established a reasonable possibility that his interest in the integrity of the area may be affected by the Project.

In support of his motion for party status, Mr. Bock has provided several letters, reports, affidavits, and written testimony from Dean A. Grover, a registered Professional Engineer. Mr. Grover opines that existing stormwater management for the site is insufficient to handle current stormwater trends. Furthermore, he states that the proposed stormwater management system for the Project is insufficient to handle storms larger than a 10-year storm. Due to the added impervious surface, Mr. Grover concludes that during these larger storm events, soil erosion will occur in the detention swale and wetlands adjacent to Patrick Brook and ultimately flow into Patrick Brook. The documentary evidence in the record from Mr. Grover establishes a reasonable possibility of harm to Patrick Brook by way of untreated stormwater and soil erosion.

There is very little in the record, however, regarding an impact on the La Platte River. All that is offered is that Patrick Brooks runs approximately ½ mile downstream from the Project before draining into the La Platte River and that an impact on Patrick Brook will therefore impact the La Platte River at that location. The mere fact that Patrick Brook ultimately drains into the La Platter River does not create a reasonable possibility of harm to the La Platte River. Although a distance of ½ mile is not so negligible that harm to Patrick Brook will necessarily result in harm to the La Platte River where the two waters intersect, we conclude that it is sufficient to say that a reasonable possibility exists that the La Platte River may be affected in the area where Patrick Brook drains into it. We conclude so with hesitation, however, as the fact that two waterways are interconnected does not necessarily indicate that impacts on one results in impacts on the other. The Court is not aware of previously deciding issues of party status under facts similar to those presented here. To further the predictability of the Court in the future, absent a stronger showing of exactly how the impact on upstream tributaries may reasonably affect the downstream waterway, as opposed to a mere showing that such an affect is not impossible, this Court will likely be inclined to deny party status under similar facts. Here, however, we give Mr. Bock the benefit of reasonable doubt and conclude

6

that his interest in the La Platte River may be affected. We therefor **GRANT** Mr. Bock's motion for party status under Criteria 1, 1(B), 1(E), and 4.

### B.      Ms. Guttler's Motion to Intervene

As Ms. Guttler's motion to intervene relies on a similar argument as Mr. Bock's motion for party status, we address that motion next. Ms. Guttler and her children use the La Platte River for recreation and bird watching as it flows across her farm. She therefore has a particularized interest in the La Platte River at that location. That interests is protected by Act 250 Criteria 1(B), 1(E), and 4, which relate to impacts on waste disposal, impacts on streams, and impacts due to soil erosion and the diminished capacity of the land to hold water. The question of whether Ms. Guttler is entitled to party status thus turns on whether she has established a reasonable possibility that her interest in the integrity of the area may be affected by the Project.

In support of her motion to intervene, Ms. Guttler states that there is a possibility that as a result of the Project, additional stormwater will enter Patrick Brook, where it will cause increased sedimentation and decreased water quality. She does not, however, demonstrate how or if that alleged injury to Patrick Brook, 1 ½ miles upstream from her farm and one mile upstream from the location where Patrick Brook drains into the La Platte River, will result in a corresponding injury to her interests. .

The Act 250 Criteria under which Ms. Guttler seeks to participate protect against improper waste disposal, alteration of the natural condition of streams, and soil erosion. She makes no allegation that the quality of the water in the La Platte River as it crosses her property is likely to be degraded by the Project or that potential soil erosion in and near Patrick Brook may impact her interests. She presents no potential impacts on the La Platte River significantly downstream from where Patrick Brook joins that waterway with any specificity. The Court is therefore left with nothing more than speculation. That is not to say, as Applicant suggests, that it is completely impossible that some amount of sediment or runoff from the Project could reach the La Platte River as it crosses Ms. Guttler's land. This is, however, not the standard for obtaining party status. It is the obligation of the party seeking to intervene to show a reasonable possibility that the proposed development will impact her particularized interest.

While Ms. Guttler has a particularized interest in the La Platte River as it crosses her property, she has done nothing more than speculate as to how that interest may be affected by the Project. Speculation alone does not create a reasonable possibility of an impact. The Court therefore **DENIES** Ms. Guttler's motion to intervene.

**C.** **Mr. Brown and Ms. Hay's motion for party status under Criteria 1, 1(B), and 4**

Mr. Brown and Ms. Hay are both regular users of the Canal Walk that runs adjacent to the Project site. They both regularly walk on the Canal Walk either as a way to access the school, post office, or downtown locations or for exercise, recreation, and social interaction. Mr. Brown and Ms. Hay, therefore, both have a particularized interest in that area. In support of their motion for party status, Mr. Brown and Ms. Hay allege that the storage of stormwater in tanks underneath the parking lot adjacent to the Canal Walk could create an additional risk of mosquitos and pathogens that could reproduce in the stored water and that this could impact their use and enjoyment of the Canal Walk. The testimony and other documentary support provided by Mr. Grover substantiate the assertion that stagnant water can lead to growth of both mosquitos and pathogens.

Although Mr. Brown and Ms. Hay have demonstrated a particularized interest in the use of the Canal Walk, this interest is not protected by Criteria 1, 1(B), or 4, which relate to impacts on water quality generally, impacts from waste disposal, and impacts due to soil erosion and the diminished capacity of the land to hold water. These Criteria protect water quality and soil from erosion, neither of which relate to an interest in the use of a walkway as being impacted by mosquitos and pathogens. Although Mr. Brown and Ms. Hay have demonstrated that there is a reasonable possibility that the Project may create a risk of mosquitos and pathogens, they fail to establish any reasonably possibility of injury to an interest protected by Criteria 1, 1(B), or 4. Criterion 1 generally prohibits development that will cause undue water pollution. Criterion 1(B) requires that a development "meet health and environmental conservation department regulations regarding the disposal of wastes, and will not involve the injection of waste materials or any harmful or toxic substances into ground water or wells." 10 V.S.A. § 6086(a)(1)(B). Criterion 4 requires a finding that the development "[w]ill not cause

8

unreasonable soil erosion or reduction in the capacity of the land to hold water so that a dangerous or unhealthy condition may result." Id. § 6086(a)(4).

These Criteria are wholly unrelated to the interest that Mr. Brown and Ms. Hay have in using the Canal Walk. There is no allegation that the water from the storage tanks could reach the Canal Walk and cause erosion or injury to waters located along the Canal Walk. The allegation that mosquitos or pathogens could somehow impact Mr. Brown's and Ms. Hay's recreational interests, even if accepted, does not create a reasonable possibility of harm to an injury protected by the specific Act 250 Criteria under which Mr. Brown and Ms. Hay now seek party status. The Court therefore **DENIES** their motion for party status pursuant to V.R.E.C.P. 5(d)(2).

#### Conclusion

Mr. Bock's motion for party status under Criteria 1, 1(B), 1(E), and 4 is **GRANTED** as he has shown that he has a particularized interest in the area of the La Platte River where Patrick Brook drains into it and that interest may reasonably be affected by the proposed development. Ms. Guttler's motion to intervene and Mr. Brown and Ms. Hays motion for party status are **DENIED** because they have failed to show a reasonable possibility that any interest they may have, protected by the Act 250 Criteria under which they seek to participate, may be affected by the Project.

As this matter progresses through the Court's review, ANR and VTrans are directed to comply with 10 V.S.A. §8504(l), requiring that if more than one State agency, other than the NRB, appear in an appeal, only the Attorney General may represent the interests of those agencies of the State in the appeal.

Electronically signed on February 04, 2015 at 03:58 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

9